IN THE UNITED STATES OF AMERICA
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | No. 4:16CR140<br>Judge Crone |
| RANDALL WILLIAM WADE | | |

**FILED OCT 12 2016 Clerk, U.S. District Court Texas Eastern**

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 841
(Possession with the Intent to Distribute
and Distribution of Controlled
Substances)

From in or about January 2012 and continuing up to and including the date of this Indictment, in the Eastern District of Texas and elsewhere, the defendant, **Randall William Wade**, a physician licensed to practice medicine in the state of Texas, did knowingly and intentionally possess with intent to distribute and distribute controlled substances, in violation of 21 U.S.C. § 841 as described below:

**Randall William Wade**, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, wrote prescriptions for substances containing a detectable amount of hydrocodone, a Schedule III [TB] controlled substance; wrote prescriptions for substances containing a detectable amount of alprazolam, a Schedule IV controlled substance; and wrote

Page 1

prescriptions for substances containing a detectable amount of ~~promethazine with codeine~~ [TB Carisoprodol], a Schedule ~~V~~ [TB IV] controlled substance.

### Death Resulting from Possession with Intent to Distribute and Distribution

The following death resulted from Randall Wade's possession with the intent to distribute and distribution of the above controlled substances:

On or about April 3, 2015, Lowell Haynes received a prescription from **Randall William Wade** for hydrocodone and alprazolam. On April 3, 2015, Lowell Haynes filled both prescriptions he received from **Randall William Wade** at a pharmacy. On April 4, 2015, the hydrocodone and alprazolam prescribed by **Randall William Wade** resulted in the overdose death of Lowell Haynes.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1).

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

Criminal Forfeiture Pursuant to 21 U.S.C. § 853

As a result of committing the offenses charged in this Indictment, the defendants shall forfeit to the United States any property they may have used or intended to use to commit or facilitate the offenses and/or property derived from proceeds obtained directly or indirectly as a result of the commission of the violation of 21 U.S.C. §§ 846.

The property includes, but is not limited to, the following:

### REAL PROPERTY

**Real Property belonging to Randall W Wade and Sharon M Lippincott-Wade, purchased with proceeds obtained directly or indirectly as the result of a violation of 21 U.S.C. §§ 846**

Page 2

a.      All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 1809 Sycamore Trace, McKinney, Texas, being more fully described as Provine Farms Estates, Blk A, Lot 25.

b.      The real property known as 257.985 acres tract of land out of the Alexander Russell Survey, Abstract #932, in Fannin County, near Telephone, Texas, 75448:

more specifically described as, 257.985 acres of land, more or less, a part of the Alexander Russell Survey Abstract Number 932, lying and being situated in Fannin County, Texas. The said 257.985 acre tract being all of a called 232.514 acre Tract One and all of a called 25.664 acre Tract Two described in a General Warranty Deed from J. W. White and wife, Annette White to James William White, Jr., dated March 14, 1997, of record in Volume 845, Page 962 of the Land Records of Fannin County, Texas. The said 257.985 acre tract being described more particularly by metes and bounds as follows:

Standing at the Northeast corner of the referenced Tract One parent tract, a Yz" found iron rod at a bend in County Road 2145, at the Southeast corner of a called 198.277 acre tract conveyed to Raymond E. Kelton in Tract Two of Volume 845, Page 972, and in the West line of a called 382.313 acre tract conveyed to John E. Hayes in the First Tract of Volume 587, Page 852, for the Point of Beginning and the Northeast corner of this tract.

Thence: S00°46'41"E along County Road 2145 passing a Yz" set iron rod at 2228.65 feet and continuing a total distance of 2228.89 feet to a point, for the Northernmost Southeast corner of this tract, at the Northernmost Southeast corner of the referenced Tract One parent tract, in the West line of the referenced 382.313 acre Hayes tract, and at the Northeast corner of a called 60 acre tract conveyed to W. Dallas Walker II in Tract One of Volume 1039, Page 739.

Thence: S88°45'12"W passing a Yz" set iron rod at 25 feet and continuing near the center of an abandoned road a total distance of 2261.78 feet to a Yz" found iron rod, for the inside Southeast corner of this tract, at the Easternmost Northwest corner of a called 802.895 acre tract conveyed to C.T.A General, LLC in Volume 1188, Page 895.

Thence: S00°04'26"W near the center of an abandoned road a distance of 1578.21 feet to a W' found iron rod, for the Southernmost Southeast corner of this tract, at the Easternmost inside Northwest corner of the referenced 802.895 acre tract of Volume 1188, Page 895.

Thence: S88°10'24"W  near the center of an abandoned road a distance of 2138.18 feet to a Yz" found iron rod, for the Southernmost Southwest corner of this tract, at the Easternmost inside Northeast corner of the referenced 802.895 acre tract of Volume 1188, Page 895.

Thence: N03°00'50"E near a fence line a distance of 1457.10 feet to a ½" set iron rod at a fence corner post, for the Southernmost Northwest corner of this tract.

Thence: Nil059'34"E near a fence line a distance of 266.40 feet to a ½" set iron rod, for an inside corner of this tract.

Thence: N43°29'23"W near a fence line a distance of 133.70 feet to a ½' set iron rod at a fence corner post, for the Northernmost Southwest corner of this tract.

Thence: N03°48'32"W a fence line and with County Road 2145 a distance of 1101.70 feet to a ½' found iron rod, for the Northernmost Northwest corner of this tract, in an East line of the referenced 802.895 acre tract of Volume 1188, Page 895, and at the Southwest corner of a called 180.170 acre tract conveyed to Randy Wade in Volume 914, Page 738.

Thence: N75°12'05"E along County Road 2145 a distance of 2338.65 feet to a point, for the Westernmost Northeast corner of this tract, at the Northwest corner of a called 0.907 acre tract conveyed to Raymond E. Kelton in Volume 845, Page 972.

Thence: S11°08'03"E passing a ½' set iron rod at 15 feet and continuing a total distance of 167.53 feet to a ½' found iron rod, for the inside Northeast corner of this tract, at the Southwest corner of the referenced 0.907 acre Kelton tract.

Thence: N78°25'59"E a distance of 224.12 feet to a ½" found iron rod, for the inside Northwest corner of this tract, at the Southeast corner of the referenced 0.907 acre Kelton tract.

Thence: N05°48'43"W passing a ½' set iron rod at 144.12 feet and continuing a total distance of 169.12 feet to a point in County Road 2145, for the Easternmost Northwest corner of this tract, at the Northeast corner of the referenced 0.907 acre Kelton tract.

Thence: N81°32'09"E near the center of County Road 2145 a distance of 722.00 feet to a point, for a corner of this tract.

Thence: N69°02'46"E near the center of County Road 2145 a distance of 440.71 feet to a point, for a corner of this tract.

Thence: N82°32'43"E near the center of County Road 2145 a distance of 788.42 feet to the Point of Beginning and containing 257.985 acres, more or less, of which about 4.4 acres lays in County Road 2145 and about 3.4 acres lays in an abandoned road.

## CURRENCY

$11,984.00 in United States currency seized from 1809 Sycamore Trace, McKinney, Texas;

$40,821.66 in United States currency seized from Independent Bank account x0250;

$140,676.59 in United States currency seized from Legacy Bank of Texas account x0667.

## SUBSTITUTE ASSETS

Moreover, if, as a result of any act or omission of any defendant, any property subject to forfeiture:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

the United States intends to seek forfeiture of any other property of each defendant up to the value of the forfeitable property, including but not limited to all property, both real and personal owned by each defendant. As a result of the commission of the offenses alleged in this Indictment, any and all interest that each defendant has in any such property is vested in and forfeited to the United States.

All such proceeds and/or instrumentalities are subject to forfeiture by the government.

A TRUE BILL

_____
GRAND JURY FOREPERSON

10-12-16

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

_____
HEATHER HARRIS RATTAN
Assistant United States Attorney

IN THE UNITED STATES OF AMERICA
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:16CR |
| | § | Judge |
| RANDALL WILLIAM WADE | § | |

## NOTICE OF PENALTY

### Count One

Violation:    21 U.S.C. § 841

Penalty:    Not less than 10 years and not more that life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least 5 years; If death or serious bodily injury resulted from the uses of such substances then a term of imprisonment of not less than twenty (20) years or more than life, a fine not to exceed $1,000,000, or both. A term of supervised release of at least five (5) years.

Special Assessment: $ 100.00