IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:16CR140 |
| | § | Judge Crone |
| RANDALL WADE | § | |
| | § | |

## UNITED STATES' RESPONSE TO DEFENDANTS MOTION FOR RECONSIDERATION OF DETENTION

The Indictment in cause number 4:16CR140 was returned on October 12, 2016. The Indictment is based on a doctor (the defendant) writing prescriptions outside the course of normal medical practice for controlled narcotics. The indictment alleges that one death resulted from the defendant doctor's prescription writing. However, the evidence presented at the detention hearing linked the defendant to multiple deaths.

On October 18, 2016, United States Magistrate Judge Christine Nowak held a lengthy detention hearing and ruled the defendant was to be detained. (Doc. 14). Subsequently, the defendant filed two Motions to Reconsider Detention. (Docs. 12 and 16).

### RECONSIDERATION OF DETENTION

18 U.S.C. § 3142(f) provides authority for reopening a detention hearing when new information comes to light. However, in this case, neither of the defendant's motions alleges new information that was unavailable at the time of the detention hearing. The defendant merely provides information from his treating physician about the defendant's

medical condition and his character and claims his medical issues have stabilized so he is now safe to release.

## LAW APPLICABLE TO DETENTION

The Bail Reform Act of 1984 creates a presumption in favor of detention "...if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act..." 18 U.S.C. § 3142(e). Once the presumption is triggered, failure of the defendant to produce evidence as to either the danger or flight prongs of § 3142 will result in his detention. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). Even in cases where the defendant makes a showing in opposition to it, the presumption continues to carry weight and is a factor to be considered by the judicial officer. *Fortna*, 769 F.2d at 251; See also *United States v. Williams*, 948 F.Supp. 692, 693 (E.D. Mich. 1996) ("…even if the defendant rebuts the presumption, the presumption is not eradicated, but rather, it remains in the case as an evidentiary finding militating against release.").

Detention can be based on a showing either as to the defendant's flight risk or the defendant's risk to the safety of any other person or the community. 18 U.S.C. § 3142(f); *United States v Fortna*, 769 F.2d 243 (5th Cir. 1985).

## RISK TO THE COMMUNITY

A rebuttable presumption of dangerousness arises against a defendant if there is probable cause to believe he committed a federal drug offense carrying a maximum prison term of ten years or more. 18 U.S.C. § 3142(e). A finding that the defendant is a

risk to the safety of any other person or the community is sufficient to detain a defendant pending trial. *United States v. Salerno*, 481 U.S. 739 (1987). A defendant may be detained on the ground of danger to the community even where there is no showing that he is likely to engage in physical violence.

## THE REBUTTABLE PRESUMPTIONS OF FLIGHT AND RISK TO THE COMMUNITY

As noted above, rebuttable presumptions arise that the defendant is a flight risk and is a risk to the safety of the community if there is probable cause to believe that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more. 18 U.S.C. § 3142(e). The presumptions impose a burden of producing rebutting evidence on the defendant. *United States v. Rueben*, 974 F.2d 580 (5th Cir. 1992). The burden of persuasion remains with the government. *Id.* at 586. The Fifth Circuit has held that the introduction of relevant evidence by the defendant does not eliminate the presumption. Instead, the presumption "rebutted" remains in the case as a factor to be considered. *United States v. Fortna*, 769 F.2d 243, 251 (5th Cir. 1985).

## OTHER FACTORS TO BE CONSIDERED

18 U.S.C. §3142(g) sets forth factors beyond the presumptions of flight and risk to the community to be considered in determining detention issues. The other factors to be considered along with the presumptions are:

The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;  the weight of the evidence against the person; the history and characteristics of the person, including the person's

character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

## APPLICATION OF THE LAW TO THE FACTS THE REBUTTABLE PRESUMPTIONS

The defendant was charged by Indictment by the United States Grand Jury for the Eastern District of Texas with Distribution of Controlled Substances resulting in death. The applicable punishment range for count one is a minimum mandatory sentence of twenty years if it is shown that the defendant's conduct resulted in the death of an individual. Therefore, the rebuttable presumptions of danger and flight mandating detention are in place in this case. The United States does not allege the defendant is a flight risk. The defendant is a danger to the community.

## THE 3142(g) FACTORS

Although it is the United States' position that the defendant did not rebut the presumption that he would pose a continuing danger to the community by continuing to distribute drugs either at the detention hearing or through the motions for reconsideration, if this Court does find that the presumption was rebutted, the 3142(g) factors should be

considered along with the fact that there is a presumption. As noted above, even if the Court finds that the presumption was rebutted, the presumption still remains a factor in the case to be considered. *United States v. Fortuna*, 769 F.2d 243, 251 (5th Cir. 1985).

### 1. THE NATURE AND CIRCUMSTANCE OF THE OFFENSE

The first factor 3142(g) says should be evaluated is the nature and circumstances of the offense charged including whether the offense is a crime of violence or involves a narcotic drug. This case involves a narcotic drug and an overdose death resulting from the distribution of the drug.  This factor weighs in favor of detention.

### 2. THE WEIGHT OF THE EVIDENCE AGAINST THE DEFENDANT

The second factor the Court must consider is the weight of the evidence against the defendant. The defendant was indicted by a grand jury and the details of the evidence against the defendant were summarized in detail at the detention hearing before this Court.  In summary, over a lengthy period, the defendant indiscriminately and without valid medical need wrote prescriptions for dangerous narcotic drugs. The medical records from his practice have been reviewed and establish this. His prescription writing resulted in multiple deaths. This case involves the distribution of narcotic drugs and multiple overdose deaths.   This factor weighs in favor of detention.

### 3. THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The third factor for the Court to evaluate is the history and characteristics of the defendant. This includes the criminal history, work history and living arrangements of the defendant. In summary, the defendant has engaged in the distribution of narcotics under the guise of a medical practice for multiple years. He has used his "employment" as a

cover for drug distribution. So, although he is "employed," it is not legitimate employment. He does not have a criminal history and lives with his wife and son in Collin County, Texas. This factor is either neutral or weighs in favor of detention because of the lack of legitimate employment.

4. **THE NATURE AND SERIOUSNESS OF THE DANGER TO ANY PERSON OR THE COMMUNITY THAT WOULD BE POSED BY THE PERSON'S RELEASE**

The fourth and final factor for the Court to consider is the nature and seriousness of the danger to any person or the community that would be posed by the person's release. The drugs alleged are a danger and threat to any community where they are distributed. Defendants who distribute drugs are dangers to the community in which they sell the drugs. Multiple overdose deaths are linked to the defendant. Even if he were to surrender his medical license, there is no way to ensure compliance. First, the defendant may have access to additional prescription pads.  Second, if the defendant does not disclose he is the subject of an investigation, prescription printing companies, distributors of controlled substances, etc., will have no way of knowing about the pending action.  Further, pharmacies throughout Texas have filled defendant's prescriptions over the past several years.  The defendant could, in theory, write the prescription and verify with the pharmacy that it is accurate and DEA would never know about this transaction. Third, even if the defendant surrenders his DEA registration number, this will not ensure that pharmacies will not fill his prescriptions. Pharmacies do not routinely check DEA registrations for each prescription that they are asked to fill.  Indeed, such a system is not feasible due to the enormous volume of prescriptions they receive each day. Thus, the

defendant could avoid detection by DEA if he continued to write prescriptions without a DEA registration number.

Moreover, defendant has the ability to call-in prescriptions to any pharmacy without actually "writing" a prescription.  According to 21 CFR 1306.11, defendant may dispense or administer a Schedule II controlled substance (including oxycodone) in the course of his professional practice without a prescription.  For example, in the case of an emergency situation, a pharmacist may dispense a controlled substance in Schedule II (Oxycontin) upon receiving oral authorization of a prescribing individual practitioner.  (There are several requirements, such as emergency amount, the pharmacist must write down all of the information, etc.).  Within seven days after authorizing an emergency oral prescription, the prescribing individual practitioner shall provide the pharmacy with a written prescription.  At this point, however, any oral prescriptions authorized by defendant would have been filled, and the harm done.  In addition, "dirty" pharmacies may not even require such an after-the-fact prescription.

Even if defendant does not write a prescription, he has the ability to order controlled substances from numerous distributors throughout the United States that may not be aware of the case against him.  And if those distributors fail to check whether his medical license or DEA registration is current, he will get the pills.

The government has already established strict rules regarding the prescribing and dispensing of controlled substances and has implemented rather severe consequences, but defendant chose to disregard those rules.  Thus, the government strongly believes that no set of rules that this Court creates will prevent defendant from illegally prescribing

narcotics if he is intent on doing so. This was defendant's primary source of income, so defendant has a large incentive to violate conditions imposed by this Court. Nevertheless, despite his history of flagrantly and repeatedly violating ethical rules and federal law over an extended period of time, the defendant is now promising not to prescribe narcotics because he does not want to be in jail.  The defendant is essentially asking this Court to trust him when he has proven that he cannot be trusted. Surrendering his medical license and DEA registration number, even with electronic monitoring and intensive pretrial supervision, cannot adequately protect against the defendant issuing prescriptions or obtaining narcotics.

      The defendant's lack of remorse further indicate the defendant is a danger to the community. When the defendant was interviewed by DEA investigators and in statements the defendant made to his employees, he discussed the fact that he prescribed narcotics to his patients and indicated that he knew they were drug addicts and still prescribed narcotics.  Moreover, after learning of the overdose deaths, the defendant showed no concern or remorse for his patients.  The defendant's attitude displays a shocking lack of remorse and disregard for people's health and welfare.  Indeed, he is much worse than the typical drug trafficker because he is a doctor who abused his position of trust and violated his Hippocratic oath to do no harm.  The enormity of defendant's criminal conduct, combined with his lack of remorse indicates that he is a continuing danger to the community and should continue to be detained.

      Clearly, this factor weighs in favor of detention.

## CONCLUSION

The defendant has not rebutted the presumption that he is a threat to the community. Even if the Court does find that the presumption was rebutted and considers the factors set out in 3142(g), the factors weigh in favor of detention.

A finding that the defendant is a risk to the safety of any other person or the community is sufficient to detain a defendant pending trial. *United States v. Salerno*, 481 U.S. 739 (1987). A defendant may be detained on the ground of danger to the community even where there is no showing that he is likely to engage in physical violence.

There is no new evidence that was unavailable at the time of the detention hearing. The defendant should remain, as the Court ordered, detained.

                                            Respectfully submitted,
                                            BRIT FEATHERSTON
                                            ACTING UNITED
                                            STATES ATTORNEY

                                            _/s/ _____
                                            HEATHER RATTAN
                                            Assistant United States Attorney
                                            Texas Bar No. 16581050
                                             101 E. Park Blvd., Ste. 500
                                            Plano, TX 75074
                                            tel: (972) 509-1201
                                            fax: (972) 509-1213
                                            Heather.Rattan@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing will be delivered to the attorney of record for defendant.

\_\_\_/s/ _____
HEATHER HARRIS RATTAN