IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:16CR140 |
| RANDALL WILLIAM WADE (1) | § § | Judge Crone |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### Count One

Violation: 21 U.S.C. § 841
(Possession with the Intent to Distribute
and Distribution of Controlled
Substances) 18 U.S.C. § 2 (Aiding and
Abetting)

On or about April 3, 2015, in the Eastern District of Texas and elsewhere, the defendant, **Randall William Wade**, did knowingly and intentionally possess with intent to distribute and dispense and distribute and dispense controlled substances, containing a detectable amounts of hydrocodone, alprazolam and amphetamine salts while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose in violation of 21 U.S.C. § 841.

In violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.

## Counts Two through Ten

Violation: 18 U.S.C. §§ 1957 and 2
(Money Laundering and Aiding and Abetting)

The United States Attorney incorporates by reference all preceding paragraphs as if fully stated herein.

On or about the dates listed for each count below, within the Eastern District of Texas, **Randall William Wade** knowingly engaged in the following monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, involving funds that were the proceeds of criminally derived property and had a value in excess of $10,000, and were derived from a specified unlawful activity, that is, possession with intent to distribute and dispense, and distributing and dispensing of a controlled substance, in violation of 21 U.S.C. § 841 with each such transaction constituting a separate count in the Information:

| Count | Date | Transaction Amount | Specified Unlawful Activity |
|---|---|---|---|
| 2 | 02/07/2014 | $17,676.11 | 21 U.S.C. § 841 |
| 3 | 02/02/2015 | $20,096.49 | 21 U.S.C. § 841 |
| 4 | 03/17/2015 | $30,717.91 | 21 U.S.C. § 841 |
| 5 | 05/22/2015 | $35,000.00 | 21 U.S.C. § 841 |
| 6 | 08/03/2015 | $11,805.00 | 21 U.S.C. § 841 |
| 7 | 08/28/2015 | $11,805.00 | 21 U.S.C. § 841 |
| 8 | 10/16/2015 | $50,000.00 | 21 U.S.C. § 841 |
| 9 | 01/19/2016 | $31,287.77 | 21 U.S.C. § 841 |

| Count | Date | Transaction Amount | Specified Unlawful Activity |
|---|---|---|---|
| 10 | 01/29/2016 | $19,332.71 | 21 U.S.C. § 841 |

All in violation of 18 U.S.C. §§ 1957 and 2.

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

### Criminal Forfeiture Pursuant to 21 U.S.C. § 853

As a result of committing the offenses charged in this Information, the defendant shall forfeit to the United States any property he may have used or intended to use to commit or facilitate the offenses and/or property derived from proceeds obtained directly or indirectly as a result of the commission of the violation of 21 U.S.C. § 846.

The property includes, but is not limited to, the following:

## CURRENCY

$40,821.66 in United States currency seized from Independent Bank account x0250;

$140,676.59 in United States currency seized from Legacy Bank of Texas account x0667.

## SUBSTITUTE ASSETS

Moreover, if, as a result of any act or omission of the defendant, any property subject to forfeiture:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

Information
Page 3

the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property, including but not limited to all property, both real and personal owned by the defendant. As a result of the commission of the offenses alleged in this Information, any and all interest that the defendant has in any such property is vested in and forfeited to the United States.

All such proceeds and/or instrumentalities are subject to forfeiture by the government.

Respectfully submitted,

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

*Camilich e for HHR*

HEATHER RATTAN
Assistant United States Attorney
Texas Bar No. 16581050
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
Heather.Rattan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:16CR140 |
| | § | Judge Crone |
| RANDALL WILLIAM WADE (1) | § | |

## NOTICE OF PENALTY

### Count One

Violation: 21 U.S.C. § 841

Penalty: Not more than 20 years, a fine not to exceed $1 million, or both; supervised release of at least three (3) years; If death or serious bodily injury resulted from the use of such substances then a term of imprisonment of not less than twenty (20) years and not more than life, a fine not to exceed $1 million or both. A term of supervised release of at least five (5) years.

Special Assessment: $100.00

### Counts Two through Ten

Violation: 18 U.S.C. §§ 1957 and 2

Penalty: Not more 10 years imprisonment; a fine not to exceed $250,000, (or not more than twice the amount of the criminally derived property involved in the transaction), or both; supervised release of not more than three (3) years.

Special Assessment: $100.00